## Operation Overcome v. Emmaus Borough

*Sandor Engel* and *Coleman and Hyman,* for plaintiff.

*Charles J. Fonzone,* and *Walker, Thomas, Karess, Lipson & Zieger,* for defendant.

WIEAND, *J.,* June 29, 1976 — This action in equity is before the court on motion of the Borough of Emmaus, defendant, for summary judgment.

Plaintiff, Operation Overcome, is "an incorporated association of physically handicapped and other interested citizens dedicated to the prevention and removal of architectural and environmental barriers to the handicapped." Its complaint alleges that the Borough of Emmaus has entered into a contract for the "construction and renova-

tion of the basement" of its municipal building in order to house the police department. The plans and specifications, it is alleged, fail to conform to standards and specifications required by the Act of September 1, 1965, P.L. 459, as amended, 71 P.S. §1455.1 et seq. These specifications are designed to make certain public buildings accessible to handicapped persons. In an effort to enforce such statutory provisions, plaintiff has petitioned this court to issue a mandatory injunction compelling the Borough of Emmaus to conform its municipal building to standards and specifications prescribed therein.

Defendant's answer contains a denial that new construction is being undertaken and avers the inapplicability of the Act of 1965 to renovations which are being made to an old building constructed many years prior to the date of the statute's enactment. As new matter it is alleged further that plans for renovations to the municipal building were submitted to and approved by the Department of Labor and Industry. Plaintiff's reply to this new matter offers a general denial of the approval of defendant's plans by the Department of Labor and Industry and demands proof of such fact. This general denial of departmental action, of course, is inadequate. There is no apparent reason why plaintiff, with a minimum amount of investigation, could not admit or deny an averment that the borough's plans had been approved by the Department of Labor and Industry.

Thereafter, defendant borough filed an affidavit of its secretary-coordinator which established (1) the only renovation made to Borough Hall "was that the basement area was partitioned into rooms and fire doors replaced certain wooden doors;" (2)

the plans were "submitted to the Department of Labor and Industry and were approved prior to the renovations taking place;" and (3) the funds utilized "to facilitate the placement of the Police Department (in the basement) were funds received from Federal Revenue Sharing." No answering affidavit was filed by plaintiff.

Although we are in sympathy with plaintiff's avowed purpose of making the offices of the Emmaus Police Department physically accessible to handicapped persons, it is clear that plaintiff cannot prevail in this action.

The standards and specifications set forth in the act of 1965, as amended, are applicable "to all buildings of assembly, educational institutions and office buildings which are constructed in whole or in part by the use of Commonwealth funds, or the funds of any instrumentality of the Commonwealth or which are leased by the Commonwealth or an instrumentality thereof by reason of a lease executed after December 31, 1974, and shall also apply to department stores, theaters, retail stores and sports arenas constructed after the effective date of this amending act."

A study of the language contained in the 1974 amendment,* as well as the languate of the original enactment in 1965, persuades us that the requirements of the statute were not intended to be imposed upon partial renovations of municipal buildings whose original construction pre-dated the enactment of the statute. The statute is also inapplicable to construction or renovations which are being made without the use of state funds.

The term "instrumentality of the Commonwealth," as used to designate the source of funds for construction, was not intended by the legisla-

---

*Act of October 2, 1974, P. L. 658, sec. 1, 71 P.S. §1455.1.

ture to include moneys whose source was either a borough or the Federal government. Instead, the statute was intended to refer to the Commonwealth and agencies of the Commonwealth and specified that buildings *constructed* with funds derived from such sources should comply with the statute.

Where, as here, the words of the statute are plain and clearly defined in scope and limit, courts should not by construction extend them: Commonwealth v. Wolfgang, 120 Pa. Superior Ct. 252, 182 Atl. 109 (1935). Where the legislature has carefully designated that the statutory standards are applicable to "construction" of office buildings, we will not expand the same to include the partial renovation of existing buildings. Similarly, the statute cannot properly be expanded to include alterations to municipal buildings which are being made without financial aid from the Commonwealth.

There is another reason why this action must fail. Section 3 of the Act of 1965, supra, 71 P.S. §1455.3, provides: "The Department of Labor and Industry shall be responsible for enforcement of this act." It is clear, therefore, that the act does not contemplate enforcement at the suite of individual persons or corporations. Instead, it contemplates action exclusively by the Department of Labor and Industry. In the instant case, defendant borough's plans for renovating its municipal building have already been submitted to and approved by the Department of Labor and Industry. To permit the instant action by this plaintiff, or by other private persons, would subvert the expressed intention of the legislature and would introduce into the construction of public buildings unnecessary confusion and unwarranted expense and delay.

608

## ORDER

Now, June 29, 1976, defendant's motion for summary judgment is granted and it is ordered that judgment be and the same is hereby entered for defendant.